# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-81132-CIV-DAMIAN/Matthewman

**DYNATEMP INTERNATIONAL, INC.**, *et al.*,

    Plaintiffs,

vs.

**R421A LLC**, *et al.*,

    Defendants.

_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S ORDER [ECF NO. 26] AND TRANSFERRING DEFENDANTS' MOTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record.

On September 16, 2024, Defendants, R421A LLC, RMS of Georgia, LLC, and Kenneth Ponder ("Defendants"), filed a Motion and Memorandum of Law in Support of Defendants' Motion to Compel the Production of Documents and Things in Compliance with Third-Party Subpoena to Harold B. Kivlan, III [ECF No. 1] ("Motion"). Pursuant to 28 U.S.C. § 636 (b)(1)(A) and (B) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, the matter was referred to Magistrate Judge William Matthewman to take all necessary and proper action as required by law. *See* ECF No. 3.

These types of motions are generally considered non-dispositive matters upon which Magistrate Judges may enter orders granting relief. *See, e.g.*, *Swissdigital USA Co. v. Wenger, S.A.*, No. 22-MC-62358, 2022 WL 17904108 (S.D. Fla. Dec. 23, 2022) (order transferring proceedings to Western District of Texas); *Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 517 (S.D. Fla. 2021) (collecting cases for the proposition that transfer of Rule 45 dispute is non-dispositive and transferring proceedings to the Eastern District of Oklahoma). *Cf Virnetx, Inc.*

*v. Apple Inc.*, No. 13-MC-80769, 2013 WL 12108440, at \*4 (S.D. Fla. Sept. 26, 2013), *report and recommendation adopted*, 2013 WL 12108441 (S.D. Fla. Nov. 18, 2013).

On December 3, 2024, Magistrate Judge Matthewman entered an Order finding that the District Court in the Eastern District of North Carolina is better positioned to determine the pending discovery dispute involving the subject subpoena and that there is a significant risk of inconsistent discovery rulings here and a clear benefit to judicial economy and efficiency if Defendants' Motion is transferred. *See generally* ECF No. 26.

Federal Rule of Civil Procedure 72 provides that, for pretrial matters that are not dispositive of a party's claim and are referred to a magistrate judge, the magistrate judge must conduct the required proceedings and, when appropriate, issue a written order explaining the decision. Fed. R. Civ. P. 72(a). A party may serve and file objections to that order within 14 days after being served with a copy of it, and a party may not assign as error a defect in the order not timely objected to. *O'Neal v. City of Hiram*, No. 21-11327, 2022 WL 2921303, at \*1 (11th Cir. July 26, 2022) (citing Rule 72(a)). Here, the parties have neither filed objections nor sought review of Magistrate Judge Matthewman's Order, and the time to do so has passed. *See* Rule 4(a)(1) of the Magistrate Judge Rules of the Local Rules of the Southern District of Florida.

This Court has reviewed Magistrate Judge Matthewman's Order, the pertinent portions of the record, and the applicable law to assure itself that no clear error appears on the face of the record. In the light of that review, this Court agrees with the well-reasoned analysis in Magistrate Judge Matthewman's Order and agrees with Judge Matthewman's conclusion that the District Court in the Eastern District of North Carolina is better positioned to address the pending discovery dispute. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Judge Matthewman's Order Transferring Defendants' Motion **[ECF No. 26]** is **AFFIRMED AND ADOPTED** in total. Defendants' Motion [ECF No. 1] shall be **TRANSFERRED** to the United States District Court for the Eastern District of North Carolina. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this 18th day of December, 2024.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Magistrate Judge William Matthewman
       Counsel of record

2